MICHAEL E. PAPPAS (SBN 130400)
  mpappas@lesnickprince.com
DEBRA E. CARDARELLI (SBN 272087)
  dcardarelli@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth St., Suite 705
Los Angeles, California 90015
Telephone: (213) 493-6585
Facsimile: (213) 493-6596

Paul D. Sinclair (Missouri Bar #26732)
  paulsinclair219@gmail.com
COWING & MENDELSON, P.C.
4951 NE Goodview Circle, Suite B
Lee's Summit, Missouri 64064
Telephone: (816) 373-8881
Facsimile: (816) 373-8876
(Pro Hac Vice to be Requested)

Attorneys for Plaintiff Gerald A. Sanders

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GERALD A. SANDERS,<br><br>                    Plaintiff,<br><br>        v.<br><br>VINCENT S. LUCIDO; SANDRA N. LUCIDO; FINANCE OF AMERICA MORTGAGE, LLC; and FIRST ENTERTAINMENT CREDIT UNION,<br><br>                    Defendants. | Case No. 2:21-cv-02700<br><br>**COMPLAINT FOR CANCELLATION OF WRITTEN INSTRUMENT AND TO QUIET TITLE** |

1

COMPLAINT

Gerald Sanders ("Plaintiff"), through counsel, brings his Complaint against Defendants Vincent S. Lucido and Sandra N. Lucido ("Lucido Defendants"), Finance of America Mortgage, LLC ("Finance of America"), and First Entertainment Credit Union ("First Entertainment") (collectively "Defendants") for the relief requested herein.

## JURISDICTION AND THE PARTIES

1.    Plaintiff is a citizen of the United States of America, and currently resides in Guam, an unincorporated territory subject to the laws of the United States of America under 28 U.S.C. § 1738.

2.    Lucido Defendants, husband and wife, are domiciled in and citizens of the State of California, residing at 2417 Graham Ave., Redondo Beach, California 90278-2121 (the "Redondo Beach Property").

3.    Finance of America is a Delaware Limited Liability Company that can be served with process through CSC Lawyer Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

4.    First Entertainment is a California nonprofit corporation that can be served with process through Felipe Casteneda at 6735 Forest Lawn Drive, Hollywood, California 90068.

5.    Finance of America and First Entertainment are necessary parties to this action as they are lienholders at the Redondo Beach Property and the Lucido Defendants.

6.    This action is of a civil nature, involving, exclusive of interests and costs, a sum in excess of $75,000.00. Every issue of law and fact in this action is wholly between citizens of different states.

7.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 in that the cause of action between citizens of different states with an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00).

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this district.

## GENERAL ALLEGATIONS

9.      On or around January 29, 1986, Plaintiff along with his mother, Alice C. Sanders, were granted ownership of the Redondo Beach Property, legally described as follows:

> Lot 21, of Block 37 of Redondo Villa Tract #2, as per map recorded in Book 10 page 101 of Maps, in the office of the County Recorder of said County.

10.      On November 26, 1988, Plaintiff married Carol L. Dille ("Dille").

11.      On or around March 19, 1999, Plaintiff and Alice C. Sanders granted the Redondo Beach Property to Plaintiff and Dille, Husband and Wife as Joint Tenants.

12.      Plaintiff and Dille separated in 2009, and Plaintiff moved to Bali, Indonesia and Dille remained in Kansas City, Missouri where they both had previously resided.

13.      Because Plaintiff was out of the country in November 2009, Dille continued to handle all their transactions, mortgage payments, and real estate taxes for Plaintiff for which he provided money to her to do so.

14.      In 2013, Dille defrauded the United States government by diverting $76,601.20 of Plaintiff's social security administration retirement benefits for her sole use.

15.      On May 7, 2015, Dille filed for Chapter 13 bankruptcy and filed for Chapter 13 once again in March 2016 but both bankruptcy cases were dismissed because Dille failed to make required payments.

16.      On or about October 28, 2015, Dille forged Plaintiff's signature on a document entitled "Power of Attorney – Special" ("POA") that was signed in

Kansas City, Missouri.  Attached hereto as "Exhibit A" is a true and correct copy of the POA on which Dille forged Plaintiff's signature.

17.    The POA granted Dille authority as Plaintiff's alleged attorney-in-fact to dispose of the Redondo Beach Property.

18.    Plaintiff was not in Kansas City, Missouri when the POA was signed and was in Indonesia and had no idea that Dille forged his signature.

19.    On or around July 27, 2016, Dille sold the Redondo Beach Property on behalf of herself and Plaintiff, as his attorney in fact, to HOHO Investments, LLC for $725,000.00 without Plaintiff's knowledge or consent.

20.    Plaintiff did not sign the POA, or authorize Dille to sell the Redondo Beach Property, and did not receive any of its sale proceeds.

21.    Because Dille forged a POA in order to deed the Redondo Beach Property, the deed is void.

22.    On or around September 26, 2017, HOHO Investments, LLC sold the Redondo Beach Property to Kompas Investment, LLC.

23.    Also in late September 2017, upon learning that Dille had stolen his Social Security retirement benefits, Plaintiff filed a Petition for Divorce from her in the Superior Court of Guam, case number DM054-17 on the grounds of Dille's extreme cruelty and fraud.

24.    In his Complaint for Divorce, Plaintiff asked the Guam Court to set aside to him as his sole and separate property the properties he acquired before the marriage, including the Redondo Beach Property that unbeknownst to him was sold by Dille without his knowledge.

25.    On or about December 27, 2017, the Guam Superior Court granted Plaintiff an interlocutory decree of divorce, and in January of 2018, the Guam interlocutory decree of divorce became final between Plaintiff and Dille.

26.     Plaintiff did not learn about Dille's failure to make mortgage payments, the forged POA, and the sale of his Redondo Beach house until late 2018 via the internet on a website called Zillow.

27.     On November 20, 2018, Dille filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Missouri.

28.     On or around January 22, 2019, Kompas Investment, LLC sold the Redondo Beach Property to Defendants.

29.     On October 5, 2020, Dille's bankruptcy case was transferred from a Chapter 13 to a Chapter 7 and a new trustee was appointed.

30.     Plaintiff did not learn about Dille's receipt and disposition of the sale proceeds of the Redondo Beach Property until Dille's bankruptcy filings in 2020.

31.     On or about September 8, 2020, Dille pled guilty to Social Security fraud, intended fraud loss, and actual fraud loss, and wire fraud, in federal criminal case 19-00087-01-CR-W-DGK in the United States District Court for the Western District of Missouri, Western Division entitled United States v. Carol L. Dille, a matter of public record.

32.     Dille was sentenced to a term of two years in prison, and mandatory restitution of $76,601.20 as a condition of supervised release.

33.     Dille, upon information and belief, is now incarcerated in FCI Greenville.

34.     Through a Settlement Agreement with the Chapter 7 Trustee, a copy of which is attached hereto as "Exhibit B," Plaintiff has recently been assigned Dille's interest in the Redondo Beach Property.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CLAIM FOR RELIEF**

**(Quiet Title)**

35.     Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

36.     Plaintiff is the owner in fee simple of the Redondo Beach Property situated in County of Los Angeles, California, known as 2417 Redondo Beach, Los Angeles, California 90278, also known as Lot 21, of Block 37 of Redondo Villa Tract #2.

37.     The basis of plaintiff's title is a grant deed from Douglas C. Haffner and Stephanie Susan S. Haffner granting the above-described property in fee simple to Plaintiff, a single man, and Alice C. Sanders, an unmarried woman on or around January 29, 1986, and recorded in the Official Records of Los Angeles County, Book 10, page 101.

38.     Plaintiff and Alice C. Sanders then deeded that same property to Plaintiff and Dille, as husband and wife as joint tenants, on or around March 25, 1999.

39.     Through a Settlement Agreement with the Chapter 7 Trustee, a copy of which is attached hereto as "Exhibit B," Plaintiff has recently been assigned Dille's interest in the Redondo Beach Property.

40.     Plaintiff is seeking to quiet title against the claims of Defendants, who claim some right, title, estate, lien, or interest in and to the described property, based on the purported deed described above.  Defendants' claims are without any right whatever and Defendants have no right, title, estate, lien, or interest whatever in the described property, or any part of that property.

41.     The Defendants named as "all persons unknown," claim some right, title, estate, lien, or interest in the described property adverse to Plaintiff's

title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.  Plaintiff denies those claims.

42.    Plaintiff seeks to quiet title as of the date of this Complaint.

**SECOND CLAIM FOR RELIEF**

**(Cancellation of Written Instrument)**

43.    Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

44.    This action is being brought to remove a cloud on the Plaintiff's title to the Redondo Beach Property.

45.    The written instrument sought to be cancelled in this cause of action was executed in Redondo Beach, California, and is related to the sale of the Redondo Beach Property.

46.    Plaintiff never authorized, approved, or consented to Dille's transfer of any rights in the Redondo Beach Property to HOHO Investments, LLC.

47.    Plaintiff did not receive any compensation from the sale of the Redondo Beach Property.

48.    Dille's forgery of the Plaintiff's signature on the POA in order to complete the sale of the Redondo Beach Property to HOHO Investments, LLC renders the original transfer of title void.

49.    All subsequent written instruments that transferred title of the Redondo Beach Property, including the one executed between Defendants and Kompas Investment, are void ab initio.

50.    If the forged deed is left outstanding, there is reasonable apprehension that the Plaintiff will suffer serious injury as it will continue to cloud the Plaintiff's title to the Redondo Beach Property, and will deprive Plaintiff of the right to enjoy ownership or receive compensation from the sale of the property.

51.    Plaintiff is entitled to have the written instrument adjudged void and cancelled pursuant to Cal. Civ. Code § 3412.

**PRAYER**

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, for:

(1) A declaration that the purported deed from Dille to HOHO Investments, LLC and all subsequent transactions are void; (2) A decree of the court that the Lucido Defendants' deed by which they took title to the property be deemed void and cancelled; (3) Compensatory damages in a sum according to proof but not less than $382,871.40; (4) Prejudgment interest at the legal rate from and after August 10, 2016 when Dille received the sale proceeds; (5) Alternatively, a judgment that Plaintiff is the sole owner of the described property in fee simple and that Defendants have no interest in the property adverse to Plaintiff; (6) Costs of suit incurred; and (7) Such other and further relief as the court may deem just and proper.

Date: March 29, 2021            LESNICK PRINCE & PAPPAS LLP
                                                 -and-
                                COWING & MENDELSON, P.C.


                                By:    /s/Michael E. Pappas
                                       Michael E. Pappas
                                       Attorneys for
                                       Plaintiff Gerald A. Sanders

COMPLAINT

# EXHIBIT A

# Title documents



Exhibit 2

**This page is part of your document - DO NOT DISCARD**



## 20160943854



**Pages: 0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/10/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201608100160037

**00012470712**


007728568

**SEQ:
11**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T54

**USA National Title, Inc.**

**RECORDING REQUESTED BY:**
**When Recorded Mail Document To:**

CAROL DILLE
4937 WESTWOOD ROAD
KANSAS CITY, MO 64112



08/10/2016

*20160943854*

APN: 4153-012-019                                     SPACE ABOVE THIS LINE FOR RECORDER'S USE

## POWER OF ATTORNEY – SPECIAL

KNOW ALL MEN BY THESE PRESENTS

that **Gerald A. Sanders** has/have made, constituted and appointed, and by these presents do/does hereby make, constitute and appoint Carol L. Dille his/her/their true and lawful Attorney(ies) for his/her/their and in his/her/their name(s), place(s) and stead(s) to ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities, and demands whatsoever as are now or shall hereafter become due, owing, payable, or belonging to the undersigned; and have, use, and take all lawful ways and means in the name of the undersigned, or otherwise, for the recovery thereof, by legal process, and to compromise and agree for the same, and grant acquittances or other sufficient discharges for the same, for the undersigned, and in the name of the undersigned to make, seal, and deliver the same; to compromise any and all debts owing by the undersigned, and to convey, transfer, and/or assign any property of any kind or character belonging to the undersigned in satisfaction of any debt owing by us or either of us; to bargain, contract, agree for, purchase, receive, and take lands, tenements, hereditaments, and accept the seizing and possession of all lands, and all deeds, and other assurances in the law therefore; and to lease, let, demise, bargain, sell, remise, release, convey, mortgage, convey in trust, and hypothecate lands, tenements, and hereditaments, upon such terms and conditions, and under such covenants as said attorney shall think fit; to exchange real or personal property for other real or personal property, and to execute and deliver the necessary instruments of transfer or conveyance to consummate such exchange; to execute and deliver subordination agreements subordinating any lien, encumbrance or other right in real or personal property to any other lien, encumbrance, or other right therein; also to bargain and agree for, buy, sell, mortgage, hypothecate, convey in trust or otherwise, and in any and every way and manner deal in and with goods, wares and merchandise, chooses in action, and other property in possession or in action, including authority to utilize my eligibility for V A Guaranty; also to transfer, assign, and deliver stock and the certificate or certificates evidencing the ownership of the same; and to make, do, and transact all and every kind of business of what nature and kind whatsoever; and, also, for the undersigned and in the name(s) and as the act and deed of the undersigned, to sign, seal, execute, deliver, and acknowledge such deeds, covenants, leases, indentures, agreements, mortgages, deeds of trust, hypothecations, assignments, bottomries, charter parties, bills of lading, bills, bonds, notes, receipts, evidences of debts, releases, and satisfactions of mortgage, judgment and other debts, and such other instruments in writing, of whatever kind of nature, as may be reasonable, advisable, necessary or proper in the premises. Each and all of the powers herein granted shall be exercised by said Attorney as to the following described property only: (Commonly known as 2417 Graham Ave., Redondo Beach, **CA 90278**)

UD-34B (Rev. 9/94)                    POWER OF ATTORNEY-SPECIAL                    Initials _____

11D

APN: 4153-012-019

GIVING AND GRANTING unto said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as the undersigned might or could do if personally present, the undersigned hereby expressly ratifying and confirming all that said Attorney shall lawfully do or cause to be done by virtue of these presents.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document

Dated: __28 OCTOBER 2015__
STATE OF __MISSOURI__ }
COUNTY OF __JACKSON__ }
On __28 | 10 | 2015__, before me,
__Brenda Vera__, NOTARY PUBLIC
(here insert name and title of the officer)
personally appeared __GERALD A SANDERS__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Brenda Vera__

Gerald A. Sanders

> **BRENDA VERA**
> Notary Public - Notary Seal
> STATE OF MISSOURI
> Jackson County
> My Commission Expires: Apr 22, 2019
> Commission # 15634955

(SEAL)

UD-34B (Rev. 9/94)                    POWER OF ATTORNEY-SPECIAL                    Initials _____

# ALL PURPOSE ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only
the identity of the individual who signed the document to which this
certificate is attached, and not the truthfulness, accuracy or validity of
that document

State of Missouri                                           }SS

County of __Jackson_____                        }SS

On __October 28, 2015_____ before me, __Brenda Vera, Notary Public_____
                                            (here insert name and title of the officer)
personally appeared, __Gerald A. Sanders ------------------_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing is true and correct.

WITNESS my hand and official seal

Signature _Brenda Vera_

> BRENDA VERA
> Notary Public - Notary Seal
> STATE OF MISSOURI
> Jackson County
> My Commission Expires: Apr 22, 2019
> Commission # 15634955

(SEAL)

# EXHIBIT B

# SETTLEMENT AGREEMENT

This Agreement (this "Settlement Agreement"), dated as of February 26, 2021, (the "Execution Date"), is entered into by and between Gerald Sanders ("Sanders"); Victor F Weber, as trustee of of the bankruptcy estate of Carol Dille ("Trustee"); and Sasha Investments, Inc. (the "Sasha"). Sanders, the Trustee, and Sasha are collectively referred to herein as the "Parties" and each individcually as a "Party").

## Recitals

(A) WHEREAS, on November 20 , 2018, Carol Dille filed a voluntary petition (the "Bankruptcy Case"). under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Missouri (the "Bankruptcy Court"). The Bankruptcy Case was given the case number 18-42994-drd7;

(B) WHEREAS, on October 5, 2020, the Bankruptcy Court entered its Order converting Carol Dille's bankruptcy case from a case under chapter 13 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code;

(C) WHEREAS, on October 5, 2020, the United States Trustee appointed the Trustee as trustee in the pending bankruptcy estate of Carol Dille (the "Bankruptcy Estate").

(D) WHEREAS, the Bankruptcy Estate has an interest in the following real property: 4937 Westwood Road, Kansas City, Mo. 64112; 4933 Westwood Road, Kansas City, Mo. 64112; 781 NW 1621 Rd. Bates City, Mo. 64011; 206 East 66th Street, Kansas City, Mo. 64113; 4605 Liberty Street, Kansas City, Mo. 64112; LOT 117 IN OAKSHIRE, 3RD PLAT AS SHOWN BY THE PLAT FILED IN PLAT BOOK 11, AT PAGES 46-49, IN JOHNSON COUNTY, MISSOURI ("Lot 117"). This real property is collectively referred to herein as the "Real Estate."

(E) WHEREAS, on November 20, 2020, the Trustee commenced an adversary proceeding in connection with the Bankruptcy Case against Sanders and Sasha (the "Adversary Case") and certain other defendants.

(F) WHEREAS, as against Sasha, the Trustee in the Adversary Case sought a judgment either avoiding Sasha's liens in Lot 117 and 4937 Westwood granted to secure Sasha's interest in a $101,000 promissory note ("Sasha's Contested Liens"), or alternatively, finding that such liens were void. Sasha disputed the Trustee's allegations, asserting that all of its lien were neither void nor avoidable

(G) WHEREAS, as against both Sasha and Sanders, the Trustee in the Adversary Case sought a judgment quieting title in the Real Estate in the Trustee. The Adversary Case was given the case number 20-04065. Sanders contested the Trustee's quiet title claim, asserting counterclaims seeking the entry of a judgment finding that he is entitled to a constructive trust in certain of the Real Estate.

(H)    WHEREAS, Sanders has filed a proof of claim in the Bankruptcy Case, claim 15-1, asserting that he is owed a claim in the amount of $845,627.70, $470,000 of which is secured by certain of the Real Estate ("Sanders Claim");

(I)    WHEREAS, Sasha has filed two proofs of claims in the Bankruptcy Case, claim 9-1, which asserts that as of the commencement of the Bankruptcy Case, Sasha was owed a debt of $167,829.27, secured by a deed of trust in 781 NW 1621 Rd ("Sasha $167,829.27 Claim"); and claim 10-1 which asserts that as of the commencement of the Bankruptcy Case, Sasha was owed a debt of $109,767.94, secured by deeds of trust in Lot 117 and 4937 Westwood ("Sasha $109,767.94 Claim).

(J)    WHEREAS, by and through this Settlement Agreement and upon the terms and conditions set forth herein, all claims and defenses which are or could have been raised in the Adversary Case are resolved as are any objections which are or could have been raised to the proofs of claim filed by Sasha and Sanders.

## Agreement

Now, therefore, in consideration of the promises and covenants contained herein, and for other good and valuable consideration, and intending to be legally bound hereby, the Parties agree as follows:

1.    <u>Recitals</u>. The foregoing Recitals are true and correct and hereby incorporated by reference and made part of this Agreement.

2.    <u>Sasha's Proofs of Claim</u>. Sasha's $167,829.27 Claim shall be allowed as a fully secured claim and in the very likely event that 781 NW 1621 Rd. is sold for an amount greater than Sasha's $167,829.27 Claim, the Parties agree that Sasha shall be entitled to the reasonable fees costs and charges provided for in its documents underlying this claim pursuant to section 506(b) of the Bankruptcy Code. Sasha's $109,767.94 Claim shall be allowed as a general unsecured claim. It shall not be allowed as a secured claim. Sasha shall receive a distribution on account of the Sasha $109,767.94 Claim equal to $5,000 added to the pro-rata amount Sasha would otherwise be entitled to as the holder of an allowed unsecured claim. The $5,000 added to the payment made on account of Sasha's $109,767.94 Claim will be paid for by a deduction of $5,000 on the amount paid on account of the Sanders Claim.

3.    <u>The Sanders Claim</u>. The Sanders Claim shall be allowed as an unsecured claim in the amount of $464,722.95. It shall not be allowed as a secured claim. Sanders shall receive a distribution on account of the Sanders Claim equal to $5,000 subtracted from the pro-rata amount Sanders would otherwise be entitled to as the holder of an allowed unsecured claim. The $5,000 subtracted from the payment made on account of Sanders Claim will be paid to Sasha on account of Sasha's $109,767.94 Claim.

4.    <u>Timing of Distributions Towards The Sanders Claim and Sasha's Claims</u>. The Parties understand that the administration of the Bankruptcy Case by the Trustee could take an extended period of time. In order to lessen the cost of a delay in

payment, the Trustee agrees and stipulates that upon the sale of each piece of Real Estate, that he will also seek an Order of the Bankruptcy Court permitting an early distribution on account of the Sanders Claim and Sasha's Claims in proportion to the size of each claim and in an amount the Trustee believes prudent except in the event the 781 NW 1621 Rd. Bates City, Mo property sells, the Sasha $167,829.27 Claim shall be paid in full from such sale proceeds at the time of closing.

5.  <u>Adversary Case</u>. The Parties agree that the Bankruptcy Court shall enter judgment for the Trustee and against Sasha and Sanders on the claim for quiet title set forth in the Adversary Case. The Parties also agree that judgment shall be entered for the Trustee and Against Sasha on the Trustee's claims under sections 547 and 550 of the Bankruptcy Code to avoid, recover and preserve Sasha's Contested Liens for the benefit of the Bankruptcy Estate. Finally, the parties agree that Sander's counter and cross claims raised in the Adversary Case shall be dismissed with prejudice.

6.  <u>Assignment of Claims and Interests</u> The Trustee shall assign to Sanders all of the Bankruptcy Estate's right title and interest to 4605 Liberty. The Trustee shall also assign to Sanders any claim or interest that the Bankruptcy Estate has relating to the sale of 2417 Graham Avenue in Redondo Beach, California.

7.  <u>Releases</u> The Parties hereby release any and all demands, defaults, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages, and any and all claims, defenses, rights of setoff or recoupment, liabilities, liens, security interests, interests, or rights of any nature whatsoever (including, without limitation, any and all claims for losses, damages (including consequential damages), unjust enrichment, breach of fiduciary duty, breach of contract, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, answer, defense, cross-claim, claim, third-party claim, or otherwise which are related to the Bankruptcy Case and which any Party might assert against any other Party, except for the consideration set forth herein. For the avoidance of doubt, no Party is releasing any claim it might have against Carol Dille.

8.  <u>Bankruptcy Court Approval</u>. Within three (3) days of the Parties' execution of this Settlement Agreement, the Trustee, by and through its counsel of record, shall seek entry of an order by the Bankruptcy Court approving this Settlement Agreement (the "<u>Approval Order</u>"). The Parties agree and understand that the effectiveness of every provision of this Settlement Agreement is contingent upon the entry of an Approval Order.

9.  <u>Governing Law</u>. This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the United States Bankruptcy Code and the laws of the State of Missouri, without regard to conflicts of law principles.

10. <u>Representations and Warranties</u>. The Parties acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or

3

commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement. The signatories for each Party represents and warrants that he or she is duly authorized and has full power and authority to enter into and deliver this Settlement Agreement on behalf of the Party for which he or she signs.

11.     <u>Integration</u>. This Settlement Agreement constitutes the entire agreement of the Parties and shall supersede any and all prior and contemporaneous oral or written negotiations, representations, agreements, and understandings with respect to the subject matter of this Settlement Agreement. This Settlement Agreement and the may not be modified, altered, or amended except by an agreement in writing signed by authorized representatives of the Parties to such agreement affected by such modification, alteration or amendment.

12.     <u>Headings</u>. Paragraph headings in this Settlement Agreement are for convenience and shall not be considered for any purpose in construing this Settlement Agreement.

13.     <u>Electronic Transmittal</u>. Signatures transmitted electronically (e.g., by facsimile or in .pdf format as an attachment to an e-mail) shall have the full force and effect of original signatures.

14.     <u>Execution in Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

*[Signature Pages Follow]*

**Accepted and agreed to as of the Execution Date by the following:**

Gerald Sanders

By:_____

Name: <u>Gerald Sanders</u>

Victor Weber, as trustee of the Carol Dille Bankruptcy Estate

By: *Victor Weber*

Name: <u>Victor Weber</u>

4

Sasha Investments, Inc.

By: _____

Name: Juan Tobon

Title: 2/23/2021

commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement. The signatories for each Party represents and warrants that he or she is duly authorized and has full power and authority to enter into and deliver this Settlement Agreement on behalf of the Party for which he or she signs.

11. Integration. This Settlement Agreement constitutes the entire agreement of the Parties and shall supersede any and all prior and contemporaneous oral or written negotiations, representations, agreements, and understandings with respect to the subject matter of this Settlement Agreement. This Settlement Agreement and the may not be modified, altered, or amended except by an agreement in writing signed by authorized representatives of the Parties to such agreement affected by such modification, alteration or amendment.

12. Headings. Paragraph headings in this Settlement Agreement are for convenience and shall not be considered for any purpose in construing this Settlement Agreement.

13. Electronic Transmittal. Signatures transmitted electronically (e.g., by facsimile or in .pdf format as an attachment to an e-mail) shall have the full force and effect of original signatures.

14. Execution in Counterparts. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

*[Signature Pages Follow]*

**Accepted and agreed to as of the Execution Date by the following:**

Gerald Sanders

By:

Name: Gerald Sanders

Victor Weber, as trustee of the Carol Dille Bankruptcy Estate

By: Vich Weber

Name: Victor Weber

4

Scanned with CamScanner